IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. A-09-CR-088 (1) LY |
| | § | |
| PETER MORALES | § | |

**MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Peter Morales, the Defendant, by and through his undersigned counsel, and respectfully moves to dismiss the charge against him and would show the Court as follows:

## I.    THE CAMERON COUNTY CONVICTION CANNOT BE USED AS DEFENDANT WAS UNDER THE AGE OF 18 WHEN IT WAS COMMITTED

Defendant is currently charged with the offenses of Felon in Possession of a Firearm and Ammunition, under 18 U.S.C. § 922(g)(1) and False Statement Related to the Acquisition of a Firearm, under 18 U.S.C. § 922(a)(6). In the indictment, it is alleged that Defendant has two prior felony convictions, 95CR912 in Cameron County, Texas, on or about December 8, 1995, and CR-1975-99-A in Hidalgo County, Texas, on or about January 10, 2000.

The first conviction, that in Cameron County, Texas, in 1995, occurred when Defendant was under the age of 18, and therefore should not be used as a predicate for an

offense under §921(g)(1).   Under federal law, an individual under the age of 18 is

considered a juvenile, as defined by 18 U.S.C. §5031.  18 U.S.C. §5301 states that "a

"juvenile" is a person who has not attained his eighteenth birthday."  It further defines

juvenile delinquency as "the violation of a law of the United States committed by a

person prior to his eighteenth birthday, which would have been a crime if committed by

an adult."  As Defendant was 17 when the offense in question was committed, he would

be considered a juvenile under federal law, and this conviction should be not used as a

predicate for §922(g)(1).


## II.     THE USE OF STATE STATUTES TO DETERMINE STATUS AS AN ADULT IS ERROR AND IS IN VIOLATION OF THE DUE PROCESS CLAUSE

According to 18 U.S.C. §921(a)(20), which defines a "crime punishable by

imprisonment for a term exceeding one year,"

> What constitutes a conviction of such a crime shall be determined in
> accordance with the law of the jurisdiction in which the proceedings were
> held.

This has been interpreted by federal courts as meaning a state's determination of an

offense being a juvenile adjudication or an adult conviction should control the matter for

federal statutes.  *United States v. Walters*, 359 F.3d 340 (4th Cir. 2004).  In *Walters*, the

Fourth Circuit found that cases defined as juvenile adjudications under Virginia law

could not serve as the underlying convictions for the purposes of §922(g)(1).   However,

such a finding is in conflict with the federal definition of a juvenile under 18 U.S.C.

§5301.  In addition, it does not allow for the fair application of federal statute across the

United States, as different states have different standards of what is considered a juvenile offense. Under the reasoning of *Walters*, if a state decided to consider all crimes committed by individuals above the age of eight to be adult convictions, they would be considered convictions under §921(a)(20). The haphazard application of when a person is considered an adult for the purposes of a conviction is clearly a violation of the Due Process Clause in the Fourth and Fourteenth Amendments, and only the establishment of a national federal determination of which offenses are considered to have been committed as adults can satisfy due process.

## III. DEFENDANT'S DEFERRED ADJUDICATION IN CAMERON COUNTY WAS NOT ADJUDICATED

Defendant was placed on a deferred adjudication probation in Cameron County on December 8th, 1995. See Exhibit A. On January 17, 1997, the trial court in Cameron County granted the motion to proceed to an adjudication of guilt on the probation Defendant was serving at the time, and entered a new sentence of five years in the Texas Department of Criminal Justice, with the sentence suspended for a term of eight years. However, the court at the time did not properly adjudicate Defendant's guilt for this offense. The judgment begins with the sentence "on this the 8th day of December, 1995," and then proceeds to describe the events that had happened since the Defendant was originally placed on the deferred adjudication probation. This error of correct date was compounded by the last page of the judgment, which stated "upon violation of a

condition of probation, this Court reserves the right to proceed with adjudication of guilt of the charge herein." See Exhibit B.

Clearly, then, the court did not properly enter a finding of guilt in this case. Not only do the different dates in the judgment confuse the actual date of the judgment, but the judgment itself states that if there is a violation of the rules of community supervision, the court could proceed with an adjudication of guilt. How can the court have proceeded with an adjudication in response to potential future violations of probation, if the court had already found the Defendant guilty? Where there is confusion in the intent of the court, any such confusion should be decided in favor of the Defendant, and the declaration that the court could at some future date proceed with an adjudication should be taken as the court indicating it had not already done so.

Since the judgment allegedly adjudicating the guilt of the Defendant is so defective, the assumption should be that the original term of deferred adjudication probation remained in effect, in which case the term of probation would have ended in December of 2003. In addition, in an order of modification signed May 8, 2000, the trial court clearly states that "all of the terms and conditions of the Probation Judgment signed for entry on December 15, 1995, shall remain in full force and effect." See Exhibit C. This demonstrates the trial court's intent that the original judgment of deferred adjudication remain in effect.

Under Texas Penal Code §46.04, an individual who successfully completed their probation or been released from confinement may possess firearms after five years have passed from the end of that probation or confinement or mandatory supervision, and

Defendant had been released from confinement, mandatory supervision, and/or probation on all of his prior convictions for more than 5 years. Therefore, this probation should not be counted against the Defendant as a predicate for an offense under §922(g)(1). Defendant is currently charged with the offense of Felon in Possession of a Firearm and Ammunition, under 18 U.S.C. § 922(g)(1). In the indictment, it is alleged that Defendant has at least one prior conviction punishable for a term exceeding one year.

According to 18 U.S.C. §921(a)(20), which defines a "crime punishable by imprisonment for a term exceeding one year,"

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held.

Each individual state has its own determination of what offenses are punishable by a term exceeding one year. If the law of the united States is going to look to state law to determine what is usable as a predicate offense then it should look to the entire state law.


**IV. TITLE 18 U. S. C. §§921(a)(20) and 922(g)(1) ARE VAGUE, UNCERTAIN AND IN VIOLATION OF THE UNITED STATES CONSTITUTION FIFTH AMENDMENT DUE PROCESS CLAUSE.**

According to 18 U.S.C. §921(a)(20), which defines a "crime punishable by imprisonment for a term exceeding one year,"

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held.

Each individual state has its own determination of what offenses are punishable by a term exceeding one year.  Thus the federal law has no consistency from State to State and is unconstitutional.

For instance, this has been interpreted by federal courts as meaning a state's determination of an offense being a juvenile adjudication or an adult conviction should control the matter for federal statutes.  *United States v. Walters*, 359 F.3d 340 (4th Cir. 2004).  In *Walters*, the Fourth Circuit found that cases defined as juvenile adjudications under Virginia law could not serve as the underlying convictions for the purposes of §922(g)(1).    However, such a finding is in conflict with the federal definition of a juvenile under 18 U.S.C. §5301.  In addition, it does not allow for the fair application of federal statute across the United States, as different states have different standards of what is considered a juvenile offense.  Under the reasoning of *Walters*, if a state decided to consider all crimes committed by individuals above the age of 8 adult convictions, they would be considered convictions under §921(a)(20).  The haphazard application of when a person is considered an adult for the purposes of a conviction is clearly a violation of the Due Process Clause in the Fifth Amendment, and only the establishment of a national federal determination of which offenses are considered to have been committed as adults can satisfy due process.

The standards of the different states are used to determine if the prior offense was punishable by a term exceeding one year.  The law concerning possession of firearms by felons under federal law will vary from state to state.  The current scheme is vague,

uncertain and a denial of due process under the United States Constitution Fifth Amendment.

## V.   THE HIDALGO COUNTY CASE WAS EXPRESSLY DISMISSED IN AN EARLY DISCHARGE OF PROBATION AND SHOULD NOT BE CONSIDERED A CONVICTION

The Defendant's second alleged conviction, that in Hidalgo County, Texas in 2000, should also not be considered for the purposes of this offense.  §921(a)(20) clearly states that any conviction which has been expunged or set aside should not be used for the purposes of Chapter 44.  Defendant received an early discharge and dismissal of his alleged conviction from Hidalgo County on October 17th, 2005, and therefore this alleged conviction should not be considered for the purposes of the indictment in this case.  See Exhibit D.  The language of the order is as follows:

> On this the 17th day of October, 2005, came to be heard the Defendant's MOTION FOR DISCHARGE FROM ADULT COMMUNITY SUPERVISION AND DISMISSAL OF CAUSE, and it appears to the court that this motion should be granted.  IT IS THEREFORE ORDERED THAT the Defendant's community supervision period be modified to five (5) year and (8) months and that said period be declared to have terminated and the Defendant be discharged from community supervision and that this prosecution be dismissed.

The Fifth Circuit has ruled that when a case is expressly dismissed at the culmination of a probation, that it cannot be used for the purposes of §922(g)(1).  *United States v. Fix*, 264 F.3d 532 (5th Cir. 2001).  While there have been previous rulings that a mere discharge from probation, or a dismissal as an operation of the law do not remove a case from the definition of conviction under §921(a)(20), Defendant's case resembles the

facts in *Fix* and was not a mere discharge or dismissal under operation of law. *United States v. Daugherty*, 264 F.3d 513 (5th Cir. 2001); *United States v. Gray*, 692 F.3d 352 (5th Cir. 1982). In *Fix*, the judge discharged the probation, granted a motion for new trial, and expressly dismissed the case. Similarly, in Defendant's case, the judge granted a motion for early discharge and dismissal, and it is explicitly stated in the signed order that the prosecution be dismissed. This is not the mere operation of law, but instead an explicit order of the judge that the cause be dismissed, and therefore this conviction does not satisfy the definition of §921(a)(20).

Under the laws of the state of Texas, the Defendant's conviction was dismissed, and therefore could not be used as a predicate offense for a state charge of felon in possession of a firearm. An individual whose conviction was set aside under Article 42.12, §20, of the Texas Code of Criminal Procedure is not a convicted felon. *Cuellar v. State*, 70 S.W.3d 815 (Tex.Crim.App. 2002). *Cuellar* clearly states that "a person who successfully completes all of the terms and conditions of community supervision must be discharged from community supervision. This is not a discretionary matter. However, whether to dismiss the indictment and set aside the conviction is wholly within the discretion of the trial court. But, a person whose conviction is set aside pursuant to an Article 42.12, § 20, order is not a convicted felon." *Id.* at 820. The order discharging the Defendant from his Hidalgo County probation clearly states that the prosecution is to be dismissed, and therefore, under Texas state law, the Defendant cannot be considered to be a convicted felon due to the Hidalgo County case.

In addition, the Ninth Circuit has ruled, following a precedent set in the Seventh Circuit, that a felony probation that at its completion has been set aside or dismissed cannot be used as a predicate offense as defined by §921(a)(20). *United States v. Laskie*, 258 F.3d 1047 (9th Cir. 2001). The court found that if a defendant receives paperwork indicating that the state felony has been set aside or dismissed and does not also receive documentation expressly informing him that he may not ship, possess, transport or receive firearms, the felony cannot be then used as a predicate offense under §921(a)(20). The Defendant received an order discharging his probation early, and dismissing the indictment, but did not receive any documentation expressly informing him that he could not possess firearms. Therefore, under the reasoning in *Laskie* and *Fix*, the Hidalgo County case cannot be considered a felony conviction under §921(a)(20).

WHEREFORE, PREMISES CONSIDERED, Defendant requests that this motion be in all thing granted, and that a ruling on this motion not be delayed until the trial of this cause.

Respectfully submitted,

/s/ Stephen M. Orr
STEPHEN M. ORR
ORR & OLAVSON
804 Rio Grande St.
Austin, Texas 78701
(512) 472-8392
Fax (512) 473-8417
Texas Bar No. 15317000

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of August, 2009, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court, using the CM/ECF System which will transmit notification of such filing to all counsel of record.


Mark Lane
AUSA
816 Congress Ave., Suite 1000
Austin, Texas 78701

/s/ Stephen M. Orr
STEPHEN M. ORR

CERTIFIED COPY

CAUSE NO. 95-CR-912-C

THE STATE OF TEXAS                    IN THE DISTRICT COURT OF

VS                                    CAMERON COUNTY, TEXAS

PETER MORALES                         197TH JUDICIAL DISTRICT

ORDER OF DEFERRED ADJUDICATION
PLACEMENT ON COMMUNITY SUPERVISION

JUDGE PRESIDING: Judge Darrell Hester   DATE OF JUDGMENT: 12/   /95

STATE'S                      DEFENDANT'S
ATTORNEY: Ms. Dyann Bernstein   ATTORNEY: Mr. Otis Klar
          Aggravated Assault, as alleged in the
OFFENSE:  first count of the Indictment
DEGREE
OR              2nd Degree     DATE OFFENSE
CLASS OF OFFENSE:   Felony     COMMITTED: March 10, 1995

CHARGING INSTRUMENT:     Indictment

PLEA:              Guilty
TERM OF
PLEA AGREEMENT (IN DETAIL): N/A
PLEA TO
ENHANCEMENT:              N/A
FINDING ON
SPECIAL ISSUE (IN DETAIL): N/A
PERIOD OF
SUPERVISION: eight (8) years          FINE: N/A

                              DATE TO
COURT COSTS:   $110.00        COMMENCE: December 8, 1995

On this the 13th day of October, 1995, the above numbered and
entitled cause was reached and called for trial, and the State
appeared by the attorney as stated above, and the Defendant and
the Defendant's attorney were also present.  Thereupon, both
sides announced ready for trial, and the Court having granted
the motion to proceed on the First Count of the indictment, the
Defendant, Defendant's attorney, and the State's attorney agreed
in open court and in writing to waive a jury in the trial of this
cause and to submit it to the Court.  The Court consented to the
waiver of a jury herein.  The Defendant further waived the
reading of the Indictment and, upon being asked by the Court a to
how the Defendant pleaded, entered a plea of guilty of the
offense of Aggravated Assault, as alleged in the first count of
the Indictment.  Thereupon, the Defendant was admonished by the
Court of the consequences of said plea, and, it appearing to the

EXHIBIT

A

CERTIFIED COPY

Court that the Defendant was competent to stand trial and that the Defendant was not influenced in making said plea by any consideration of fear or by any persuasion prompting a confession of guilt, the free and voluntary plea of guilty was received by the Court and is now entered of record in the minutes of the Court as the plea of the Defendant. The Court, having heard all evidence from the State and the Defendant, and having heard argument of counsel for both parties, found that there was sufficient evidence to support the Defendant's plea.

However, the Court, on the 8th day of December, 1995, after due consideration, and after review the pre-sentence investigation report, is of the opinion that the best interest of society and the Defendant will be served in this cause by deferring further proceedings without entering an adjudication of guilt pursuant to TEX. CODE CRIM. PRO. art. 42.12 Sec. 5.

IT IS THEREFORE ORDERED that further proceedings in this cause shall be and are hereby deferred and the Defendant is placed on community supervision in this cause for eight (8) years beginning on this date, subject to the conditions of supervision imposed by the Court and served on the Defendant, as follows:

(a) Commit no offense against the laws of this State or any other State or of the United States;

(b) Avoid injurious or vicious habits;

(c) Avoid persons or places of disreputable or harmful character;

(d) Defendant shall be under the Intensive Supervision Program of the Community Supervision Department and subject to all of its rules and regulations. Defendant shall report to the Community Corrections Officer at the Community Supervision office once each week, beginning the week of December 11, 1995. Provided, however, the Community Corrections Officer may from time to time waive Defendant's reporting in person each consecutive week;

(e) Report to the Community Corrections Officer (in addition to the reporting required by (d) above) when, where and in the manner as may hereafter be ordered by the Court through the Community Corrections Officer;

(f) Permit the Community Corrections Officer to visit Probationer at Probationer's home, work, or elsewhere at any and all times;

(g) Work faithfully at suitable employment as far as possible;

CERTIFIED COPY

(h) Remain in Cameron County, Texas, unless Probationer shall have first secured the written consent of the Court to leave the county and filed it in the papers of this cause;

(j) Pay court costs in the sum of $110.00 within sixty (60) days after the date of entry of this Judgment;

(k) Pay a community supervision fee of $40.00 per month every month of the community supervisary period between the first and tenth day of the month beginning in the month next following entry of this Judgment until the sum of $3,840.00 shall have been paid;

(l) Pay $3,093.25 restitution, in equal monthly installments of $100.00 per month each between the first and tenth day of every month beginning in the month next following the entry of this Judgment and continuing until such restitution is paid in full;

(m) Pay the Community Supervision Department $200.00 reimbursement for Pre-Sentence Investigation conducted, payable at the rate of $15.00 per month;

(n) Support Probationer's legal dependents;

(o) Submit to random urine analysis by authorized personnel for the community supervision department, reveal to said authorized personnel proof of any medications legally prescribed prior to submitting specimen. A urine specimen positive for any controlled substances, dangerous drugs, or marihuana, not legally prescribed for you, may result in an adjudication of guilt or revocation of community supervision;

(p) File with the Community Corrections Officer at the Community Supervision Office between the first and tenth day of every month next following a default in any payment required of Probationer by this Judgment a detailed statement in writing under oath of all income and expenses received and expended by the Probationer during the entire month in which the default occurred.

(q) File with the Community Corrections Officer at the Community Supervision Office between the first and tenth day of every month next following a calendar month in which Probationer was gainfully employed less than 150 hours a detailed statement in writing under oath of all efforts made by Probationer to secure and hold employment during the entire month in which not gainfully employed 150 hours.

(r) Within ten (10) days after the event, report in writing to the Community Corrections Officer any arrest of probationer and/or criminal charge filed against probationer.

By the term "the Community Corrections Officer" as used herein is meant any Cameron County Community Corrections Officer; by the term "Community Supervision Office" is meant the Cameron County Community Supervision Office, First Floor, Cameron County Hall of Justice, Brownsville, Texas; by the term "Probationer" is meant the Defendant in this cause.

All payments required of Probationer by this Judgment shall be paid within the time specified at the Community Supervision Office to the Community Corrections Officer for which Probationer shall receive the Community Corrections Officer's sequentially numbered receipt evidencing payment.

CERTIFIED COPY

All payments received under this Judgment shall be forthwith deposited by the Community Corrections Officer in the Cameron County Community Supervision Trust Fund in the County Depository and thereafter disbursed in accordance with the District Courts' Order of March 21, 1975, recorded in Volume 4, Page 1008, of the Minutes of this Court.  Under the authority of that Order and this Judgment, disbursement shall be made without further order of the Court:

    1.   to to various parties as ordered by the Court through the Community Supervisin Department for restitution in the amount of $3,093.25;

    2.   to the District Clerk of Cameron County, Texas for court costs in the amount of $110.00;

such disbursement to be made upon full collection of the amounts above specified or periodically on a pro rata basis.  All other payments made under this Judgment shall await further written order of the Court as per the District Courts' Order of March 21, 1975.

Upon violation of a condition of community supervision, this Court reserves the right to proceed with adjudication of guilt of the charge herein, assess punishment and pronounce sentence all as provided by Article 42.12, Section 3d (b) of the Code of Criminal Procedure.

The Court thereupon fully advised the Defendant as to the law regarding the filing of Motions for New Trial, Motions in Arrest of Judgment and Notice of Appeal.

IT IS FURTHER ORDERED by the Court that Defendant's left or right index finger be fingerprinted, and that said fingerprint be marked as Exhibit "A" and is made a part hereof for all purposes.

Signed this _15th_ day of December, 1995.

_____
Judge Presiding

FILED 9:00 O'CLOCK __ M
AURORA DE LA GARZA, DIST. CLERK
DEC 1 5 1995
CLERK DIST. COURT, CAMERON COUNTY, TEXAS



A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS

FEB 1 3 2009

BY _____ DEPUTY

DISTRICT COURT
CAMERON COUNTY, TEXAS

 

JAN 21 REC'D

CERTIFIED COPY

CAUSE NO. 95-CR-912-C

THE STATE OF TEXAS                    IN THE DISTRICT COURT OF

VS                                    CAMERON COUNTY, TEXAS

PETER MORALES                         197TH JUDICIAL DISTRICT

JUDGMENT ADJUDICATING GUILT
SENTENCE SUSPENDED
PLACEMENT ON COMMUNITY SUPERVISION

JUDGE PRESIDING: Judge Darrell Hester   DATE OF JUDGMENT: 1/17/97
STATE'S                                 DEFENDANT'S
ATTORNEY: Mr. Carlos Cisneros           ATTORNEY: Mr. Otis Klar
OFFENSE
CONVICTED OF: Aggravated Assault
DEGREE OR                               DATE OF OFFENSE
CLASS OF OFFENSE: 2nd Degree Felony     COMMITTED: March 10, 1995
DATE OF
DEFRRED ADJUDICATION ORDER: December 15, 1995
PLEA TO MOTION                          FINDING OF
TO ADJUDICATE:     True                 COURT:    True
TERM OF PLEA
AGREEMENT (IN DETAIL):        N/A
CONDITIONS VIOLATED:

Condition B:   On May 17, 1996, the Defendant was amitted to the Rio
               Grande State Center for detoxification after having
               taken Lysergic Acid Diethylamide (LSD) to wit: approxi-
               mately two (2) grams;

Condition D:   Defendant, Peter Morales, failed to abide by the
               Intensive Supervision rules and regulations, to wit:
               Participant will have a curfew and must be in their home
               between the hours of 8:00 p.m. and 6:00 a.m. unless
               otherwise ordered by the Court or unless the Defendant
               is employed during such hours;

Condition F:   On July 23, 1996, the Community Corrections Officer
               observed Marijuara residue in the kitchen floor at
               Defendant's residence while conducting a home visit;

Condition H:   Defendant, Peter Morales, left the State of Texas
               without the consent of the Probation Department on or
               about April 11, 1996;

Condition J:   Defendant, Peter Morales, failed to pay court costs as
               ordered by the Court and is in arrears $110.00;

Condition K:   Defendant, Peter Morales, failed to pay community super-
               vision fees as ordered by the Court and is in arrears
               $440.00;

Condition L:   Defendant, Peter Morales, failed to pay restitution as
               ordered by the Court and is in arrears $1,100.00;

Condition M:   Defendant, Peter Morales, failed to pay pre-sentence
               investigation fees as ordered by the Court and is in
               arrears $165.00;

                            as set out in the State's Motion to Adjudicate
DATE SENTENCE
SUSPENDED:   January 16, 1997                    COSTS: $124.50

EXHIBIT

B

tabbies®



CERTIFIED COPY

SENTENCE OF CONFINEMENT
(INSTITUTIONAL DIVISION): 5 Years in T.D.C.J., I.D.    FINE: N/A
PERIOD OF                          DATE TO
SUPERVISION: 8 Years               COMMENCE: January 16, 1997
THIS SENTENCE IS TO BE SERVED CONCURRENT WITH ANY OTHER SENTENCE
UNLESS OTHERWISE SPECIFIED.

On this the 8th day of December, 1995, the Defendant entered
a plea of guilty to the offense stated above and was granted a
deferred adjudication in the above numbered and style cause and
placed on community supervision as stated above, subject to the
conditions of supervision set out in the order in this cause.
Thereafter, on November 18, 1996, and during the period of super-
vision, the State filed a Motion to Set Aside Deferred
Adjudication in this cause, alleging that the Defendant had
violated conditions of supervision set out in said order.

On January 16, 1997, both parties announced ready for trial,
and the Defendant waived the reading of the Motion in open court
and, upon being asked by the Court as to how the Defendant
pleaded, entered a plea of true to the allegations in the Motion.
Thereupon, the Court admonished the Defendant of the consequences
of said plea and, it appearing to the Court that the Defendant is
competent and that the Defendant is not influences in making said
plea by an consideration of fear, or by any persuasion prompting
said plea, the said plea of true is by the Court received and is
here and now entered of record in the Minutes of the Court as the
plea of the Defendant. The Court, after hearing all of the evi-
dence for the State and the Defendant and argument of counsel, is
of the opinion and finds that the Defendant violated the con-
ditions of the Defendant's community supervision as stated above.

It is, therefore, ORDERED, ADJUDGED AND DECREED by the Court
that the Deferred Adjudication Order, heretofore entered in this
cause, be and is hereby set aside as stated above, and that the
Defendant be and is hereby adjudged guilty of the offense of
Aggravated Assault and that the Defendant committed said offense
on the date stated above, and that the punishment is fixed at
confinement in the Texas Department of Criminal Justice,
Institutional Division, for a period of five (5) years and the
State of Texas do have and recover of said Defendant all court
costs in this prosecution expended for which execution will
issue.

However, the Court, after due consideration, is of the opi-
nion and so finds that the ends of justice and the best interest
of the public and the Defendant will be subserved if the imposi-
tion of the sentence in this cause be suspended and the Defendant
is placed on community supervision under the direction of this
Court.

It is therefore ORDERED by the Court that the imposition of
the sentence of five (5) years confinement in the Texas
Department of Criminal Justice, Institutional Division, in this
cause is hereby suspended, and the Defendant is placed on com-
munity supervision for eight (8) years, subject to the conditions
of supervision imposed by the Court and served on the Defendant
as follows:

(a)    Commit no offense against the laws of this State or  any
       other State or of the United States;

(b)    Avoid injurious or vicious habits;

(c)    Avoid persons or places of disreputable or harmful
       character;

(d)    Report to the Community Supervision Officer at the
       Community Supervision Office monthly between the fourth
       Monday and the following Friday of each month;



CERTIFIED COPY

(e)  Report to the Community Corrections Officer (in addition to the reporting required by (d) above) when, where and in the manner as may hereafter be ordered by the Court through the Community Corrections Officer;

(f)  Permit the Community Corrections Officer to visit Probationer at Probationer's home, work, or elsewhere at any and all times;

(g)  Work faithfully at suitable employment as far as possible;

(h)  Remain in Cameron County, Texas, unless Probationer shall have first secured the written consent of the Court to leave the county and filed it in the papers of this cause;

(j)  Pay court costs in the sum of $124.50 within sixty (60) days after the date of entry of this Judgment;

(k)  Pay a community supervision fee of $40.00 per month every month of the community supervisary period between the first and tenth day of the month beginning in the month next following entry of this Judgment until the sum of $3,840.00 shall have been paid;

(r)  Support Probationer's legal dependents;

(s)  Submit to random urine analysis by authorized personnel for the community supervision department, reveal to said authorized personnel proof of any medications legally prescribed prior to submitting specimen.  A urine specimen positive for any controlled substances, dangerous drugs, or marihuana, not legally prescribed for you, may result in an adjudication of guilt or revocation of community supervision;

(t)  File with the Community Corrections Officer at the Community Supervision Office between the first and tenth day of every month next following a default in any payment required of Probationer by this Judgment a detailed statement in writing under oath of all income and expenses received and expended by the Probationer during the entire month in which the default occurred.

(u)  File with the Community Corrections Officer at the Community Supervision Office between the first and tenth day of every month next following a calendar month in which Probationer was gainfully employed less than 150 hours a detailed statement in writing under oath of all efforts made by Probationer to secure and hold employment during the entire month in which not gainfully employed 150 hours.

(v)  Within ten (10) days after the event, report in writing to the Community Corrections Officer any arrest of probationer and/or criminal charge filed against probationer.

By the term "the Community Corrections Officer" as used herein is meant any Cameron County Community Corrections Officer; by the term "Community Supervision Office" is meant the Cameron County Community Supervision Office, First Floor, Cameron County Hall of Justice, Brownsville, Texas; by the term "Probationer" is meant the Defendant in this cause.

All payments required of Probationer by this Judgment shall be paid within the time specified at the Community Supervision Office to the Community Corrections Officer for which Probationer shall receive the Community Corrections Officer's sequentially numbered receipt evidencing payment.



CERTIFIED COPY

All payments received under this Judgment shall be forthwith deposited by the Community Corrections Officer in the Cameron County Community Supervision Trust Fund in the County Depository and thereafter disbursed in accordance with the District Courts' Order of March 21, 1975, recorded in Vol 4, Page 1008, of the Minutes of this Court.  Under the authority of that Order and this Judgment, disbursement shall be made without further order of the Court:

      1.   to the District Clerk of Cameron County, Texas for court costs in the amount of $124.50; appointed attorney's fees in the amount of ;

such disbursement to be made upon full collection of the amounts above specified or periodically on a pro rata basis.  All other payments made under this Judgment shall await further written order of the Court as per the District Courts' Order of March 21, 1975.

Upon violation of a condition of probation, this Court reserves the right to proceed with adjudication of guilt of the charge herein, assess punishment and pronounce sentence all as provided by Article 42.12, Section 3d (b) of the Code of Criminal Procedure.

The Court thereupon fully advised the Defendant as to the law regarding the filing of Motions for New Trial, Motions in Arrest of Judgment and Notice of Appeal.

IT IS FURTHER ORDERED by the Court that Defendant's left or right index finger be fingerprinted, and that said fingerprint be marked as Exhibit "A" and is made a part hereof for all purposes.

Signed for entry this _21st_ day of January, 1997.

                                Judge Presiding

FILED ___ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK
JAN 2 1 1997
DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
FEB 1 3 2009
BY _____ DEPUTY

DISTRICT COURT — CAMERON COUNTY, TEXAS




## CAUSE NO. 95-CR-912-C

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| VS. | § | CAMERON COUNTY, TEXAS |
| **PETER MORALES** | § | 197TH JUDICIAL DISTRICT |

## <u>ORDER OF MODIFICATION</u>

BE IT REMEMBERED that on **May 1, 2000,** a hearing was had on Court's request for a written report on defendant's psychiatric evaluation. . All parties appeared and announced ready. The Court finds of the opinion that said probation should not be revoked and that the defendant be continued on probation subject to certain modifications;

IT IS THEREFORE ORDERED that the Defendant, **PETER MORALES,** shall remain and continue on probation in accordance with the Probation Judgment of **December 15, 1995,** provided:

( 1 )  As a condition of community supervision, the defendant is required to serve a term of confinement and treatment in a substance abuse felony punishment facility **(SAFPF)** under this section for a term of not less than (180) days or more than one (1) year, and upon release, the defendant is required to participate in a drug or alcohol abuse continuum of care treatment plan as developed by the Texas Commission of Alcohol and Drug Abuse, abiding by all rules and regulations of said treatment plan until discharged by the staff of the continuum of care program. *(Defendant to remain in custody till transferred to S.A.F.P.F. facility)*

All of the terms and conditions of the Probation Judgment signed for entry on **December 15, 1995,** shall remain in full force and effect.

**EXHIBIT**

tabbies'

C

02-13-09:06:24PM;                                                                    #  4.  11

The Community Supervision and Corrections Department is directed to cause probationer

to appear forthwith to receive and acknowledge a copy of this Order.

SIGNED FOR ENTRY: May 8, 2000

Judge Presiding

FILED _____ O'CLOCK _____ M
AURORA DE LA GARZA DIST. CLERK

MAY - 8 2000

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

5/8/00 COPIES TO:
DA
PROBATION DEPT
ENRIQUE JUAREZ

## CAUSE NO. CR-1975-99-A

| | | |
|---|---|---|
| THE STATE OF TEXAS | X | IN THE DISTRICT COURT |
| | X | |
| VS. | X | 92ND JUDICIAL DISTRICT |
| | X | |
| PEDRO MORALES ZUNIGA, JR. | X | HIDALGO COUNTY, TEXAS |

### ORDER

On this the 17ᵗʰ day of October, 2005, came to be heard the Defendant's MOTION FOR DISCHARGE FROM ADULT COMMUNITY SUPERVISION AND DISMISSAL OF CAUSE, and it appears to the court that this motion should be GRANTED.

IT IS THEREFORE ORDERED THAT the Defendant's community supervision period be modified to five (5) years and four (8) months and that said period be declared to have terminated and the Defendant be discharged from community supervision, and that this prosecution be dismissed.



JUDGE PRESIDING



DATE _____

A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By _____ Deputy

**EXHIBIT**

D

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

UNITED STATES OF AMERICA          §
                                  §
VS.                               §          NO. A-09-CR-088 (1) LY
                                  §
PETER MORALES                     §

## O R D E R

On this date came on to be considered Defendant's Motion to Dismiss and
Incorporated Memorandum of Law and said Motion is hereby:

(GRANTED) (Denied).

SIGNED this _____ day of _____, 2009.

_____
UNITED STATES DISTRICT JUDGE